[Cite as *State v. Kelly*, 2025-Ohio-5461.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

CHRISTOPHER D. KELLY,

    DEFENDANT-APPELLANT.

CASE NO. 8-25-06

OPINION AND
JUDGMENT ENTRY

Appeal from Logan County Common Pleas Court
Trial Court No. CR 24 03 0059

Judgment Affirmed

Date of Decision:  December 8, 2025

APPEARANCES:

    *Brian A. Smith* for Appellant

    *Eric C. Stewart* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Christopher D. Kelly ("Kelly") brings this appeal from the judgment of the Common Pleas Court of Logan County sentencing Kelly to consecutive sentences. On appeal Kelly claims that the trial court erred by doing so. For the reasons set forth below, the judgment is affirmed.

{¶2} On March 12, 2024, the Logan County grand jury indicted Kelly on seven counts of rape, two counts of sexual battery, and one count of attempted sexual battery. The counts involved three different victims with victim one being the subject of the rape counts, victim two being the subject of the sexual battery counts; and victim three being the victim of the attempted sexual battery count. Kelly initially entered pleas of not guilty to all of the counts. On February 18, 2025, Kelly, pursuant to a plea agreement, entered pleas of guilty to one count of rape in violation of R.C. 2907.02(A)(2), (B), a felony of the first degree, and one count of sexual battery in violation of R.C. 2907.03(A)(5), (B), a felony of the third degree. In exchange for the guilty pleas, the State agreed to dismiss six counts of rape, one count of sexual battery, and one count of attempted sexual battery. The trial court held a sentencing hearing on March 21, 2025. The trial court ordered Kelly to serve an indefinite prison term of 11 to 16½ years for the rape conviction and a definite prison term of five years for the sexual battery conviction. The trial court then

ordered that the sentences be served consecutively for an aggregate prison term of 16 years in prison to 21½ years in prison. The trial court then made the following findings:

> The Court finds that consecutive sentences are necessary to protect the public from future crime and/or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. The Court further FINDS that at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

Sentencing Entry. Kelly appealed from this judgment and raised the following assignment of error on appeal.

> **Because the record does not support the trial court's findings pursuant to R.C. 2929.14(C)(4), the trial court's imposition of consecutive sentences was, by clear and convincing evidence, not supported by the record.**

{¶3} In the sole assignment of error, Kelly challenges the imposition of consecutive sentences. Before a trial court can impose consecutive sentences, it must make certain findings.

> 4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a-c). In making these findings, the trial court is not required to use the exact words of the statute as long as the necessary findings can be found in the record and are incorporated into the sentencing entry. *State v. Bonnell*, 2014-Ohio-3177, ¶ 29. An appellate court may only modify consecutive sentences if the record clearly and convincingly does not support the trial court's findings. *State v. Gwynne*, 2023-Ohio-3851, ¶ 13. "[A]n appellate court is directed that it must have a firm belief or conviction that the record does not support the trial court's findings before it may increase, reduce or otherwise modify consecutive sentences." *Id*. at ¶ 15.

{¶4} In his brief, Kelly does not claim that the trial court failed to make the requisite findings, but rather that the findings do not support the conclusion that

consecutive sentences are appropriate. While Kelly extensively argues that consecutive sentences were not necessary to protect the public from future crime by Kelly, he fails to make an argument that consecutive sentences were not necessary to punish him for his offenses. Indeed, a review of the record shows that the offenses for which convictions were obtained occurred at two separate times with two separate victims. The PSI revealed that Kelly began sexually assaulting and raping victim one over a period of several years. Victim one indicated that when she threatened to tell someone what Kelly was doing, he threatened to kill her mother and younger sister and then kidnap her to another country to get married. Victim two told the investigators that Kelly had engaged in sexual conduct with her over an eight month period. Before they would engage in sexual intercourse, he would give her marijuana. The evidence before the trial court showed that the offenses for which Kelly was convicted and sentenced were sex offenses committed over several years against two different victims, and that he used his relationship with the victims to facilitate the offenses. The record also shows that the age of the victims, combined with the nature of the offenses, caused much harm to the victims. Given the record before this Court, we do not find that the record does not clearly and convincingly support the findings of the trial court. Thus, the assignment of error is overruled.

{¶5} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Common Pleas Court of Logan County is affirmed.

***Judgment Affirmed***

**WALDICK, P.J. and MILLER, J., concur.**

# <u>JUDGMENT ENTRY</u>

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. *See* App.R. 30.

 

 

John R. Willamowski, Judge

 

Juergen A. Waldick, Judge

 

Mark C. Miller, Judge

DATED:
/hls